Walter McGEE, Plaintiff–Appellant,

v.

Jim HAYES; Bruce Hammontree; Larry Pouncil; Shirley Fox; City of Checotah, ex rel. City Council for the City of Checotah, Defendants–Appellees.

Walter McGee, Plaintiff–Appellant,

v.

Thomas Leblanc; Best Sharp Law Firm; Bruce Hammontree; Jay Hays; City Council of the City of Checotah, Defendants–Appellees.

Nos. 01–7113, 01–7144.

United States Court of Appeals, Tenth Circuit.

July 22, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. ·34.1(G). The cases are therefore ordered submitted without oral argument.

In these consolidated appeals, plaintiff Walter McGee appeals the district court's discovery ruling and grant of summary judgment in favor of defendants in case No. 00–CV–653–S, and its denial of his request for a preliminary injunction in case No. 01–CV–522–S. We affirm.

Plaintiff, an African–American, owns real property in the City of Checotah, Oklahoma. Beginning in March 1997, the City initiated proceedings to require plaintiff to clean up conditions that violated city ordinances on three of his properties. · Plaintiff was sent numerous letters, attended and spoke at several City Council meetings, and promised on several occasions to remedy the situation. In August 1999, plaintiff received an order to remove dilapidated structures, vehicles, trash, and weeds from his properties by September 13, 1999. The order advised plaintiff that if he failed to take these steps, the City would remove the buildings and clean the properties at plaintiff's expense.

In November 2000, plaintiff requested building permits for two of his properties so that he could repair the dilapidated structures. These requests were denied because they came so late in the abatement proceedings. At the same time, plaintiff filed a complaint against the Mayor, the Code Enforcement Officer, members of the City Council, and the City Clerk, alleging that their actions were taken against him because of his race, and that their conduct violated his constitutional rights. During discovery, plaintiff requested from defendants copies of all building permits that had been denied during the previous four years. Defendants objected based on the oppressiveness of the request and the lack of relevance to the issues raised. The district court denied plaintiff's motion to compel discovery of this information.

Defendants filed for summary judgment, attaching deposition excerpts, exhibits, and photographs. In response, plaintiff attached numerous pictures of properties which he described as Caucasian-owned, and which he alleged were in worse shape than his own properties. The district court granted summary judgment in favor of defendants.

Plaintiff appealed, and filed a separate action seeking a preliminary injunction to prevent the City from destroying the structures and cleaning his properties. Because the undisputed evidence at the hearing was that the City would not take any steps until plaintiff's appeal was decided, the district court denied plaintiff's request for an injunction.

We review the grant or denial of summary judgment *de novo*, applying the same legal standard used by the district court. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judg-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *McKnight*, 149 F.3d at 1128 (quotation omitted).

Most of plaintiff's claims require little discussion. Plaintiff did not raise a triable issue regarding his procedural due process rights because it is undisputed that he had both pre-deprivation notice of the City's actions and an opportunity to respond. He did not raise a triable issue regarding his substantive due process rights because he has not shown a conscience-shocking deprivation of a fundamental interest guaranteed by the Constitution. Similarly, plaintiff did not raise a triable issue regarding a conspiracy to deprive him of his rights because he did not present evidence of an agreement between the defendants.

■ Plaintiff's primary contention on appeal is that he raised a triable issue of fact regarding race discrimination. Plaintiff argues that his evidence raised a genuine question whether he was required to clean up his properties while Caucasians were permitted to maintain similar conditions. In support of his argument, plaintiff points to the photographs attached to his summary judgment response which he alleges are pictures of properties and buildings owned by Caucasians. Plaintiff did not submit an affidavit or deposition testimony identifying the pictures and owners, however, or present any evidence that these properties are located in the City of Checotah, or that the owners have not been requested to clean up their properties.

Although we must liberally construe a *pro se* plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 21 (1972), we will not "supply additional factual allegations to round out his complaint," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.

1997), and his *pro se* status does not excuse him from complying with the federal rules of civil and appellate procedure, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). Rule 56(c) and (e) describe the evidence that is necessary to meet one's burden in a summary judgment proceeding. Plaintiff failed to present the type of evidence enumerated in Rule 56 to establish the essential elements of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case").

Further, plaintiff's deposition testimony shows that his race discrimination claim is based simply on conjecture. *See* R. Vol. I, doc. 33, Ex. 1 at 75 (stating that he had no idea why the City was singling him out); at 90 (stating that he believed he was being treated differently because he saw untagged cars and dilapidated structures on other people's property, mostly Caucasians); at 92 (stating that he wouldn't say he was being discriminated against just because he was black, but that "there's a reason for what they are doing, and I use black, because I am black"). The district court did not err, therefore, in granting summary judgment in favor of defendants.

■ Plaintiff also argues that the district court abused its discretion in denying his motion to compel defendants to produce all building permits that had been denied during the previous four years. We review discovery rulings, including the denial of a motion to compel discovery, for an abuse of discretion. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999). In this case, the only building permit denials relevant to plaintiff's claims are those relating to property that had been the subject of three years' of abatement proceedings before the permit

was requested. As plaintiff made no attempt to narrow his discovery request, we conclude the district court did not err in denying his motion to compel. The district court was not required to permit plaintiff to engage in a "fishing expedition" in the hope of supporting his claim. *See Munoz v. St. Mary–Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir.2000).

Finally, the district court did not err in denying plaintiff's request for a preliminary injunction in case No. 01–CV–522–S. Based on the City's representation that it did not intend to abate the nuisance until plaintiff's appeal was decided, plaintiff could not show that he would be irreparably injured. In addition, as our discussion above demonstrates, plaintiff did not show a high likelihood of success on appeal.

The judgments of the United States District Court for the Eastern District of Oklahoma are AFFIRMED.